Mark F. Anderson (SBN 44787)
ANDERSON, OGILVIE & BREWER LLP
235 Montgomery Street, Suite 914
San Francisco, California 94104
Telephone: (415) 651-1951
Fax: (415) 500-8300
Email: mark@aoblawyers.com

Attorneys for Plaintiffs Richard A. Steiner &
Carole J. Steiner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A STEINER & CAROLE B STEINER,<br><br>Plaintiffs,<br><br>v.<br><br>ONE WEST BANK, FSB and TRANS UNION LLC,<br><br>Defendants. | Case No. 4:13-cv-05349-SBA<br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT ONE WEST BANK'S MOTION TO DISMISS THE THIRD & FOURTH COUNTS OF THE FIRST AMENDED COMPLAINT<br><br>Hearing Date: April 1, 2014<br>Time: 1:00 PM<br>Courtroom: 1<br>Judge: Hon. Saundra B. Armstrong |

**Statement of Facts.** On March 25, 2004, plaintiffs obtained a seven-year loan of $122,176 the "Loan") from IndyMac to purchase a single family residence in Surprise, Arizona "the Property"). Plaintiffs executed a promissory note with an addendum containing a condition right to refinance at the maturity of the loan on April 1, 2011 (FAC ¶¶ 7, 9). The addendum gave plaintiffs the right to refinance with a new twenty-three year loan under certain conditions, including that the Property be owner-occupied. At the time the transaction closed, IndyMac's

representatives told plaintiffs they could disregard the condition the property be owner-occupied and that IndyMac would refinance the property when the time came (¶¶ 8, 9).

Prior to the maturity of the Loan, OWB denied their request to refinance because they did not occupy the Property, notwithstanding IndyMac's promise the condition would not be enforced. As a result, on April 1, 2011, the Loan matured and plaintiff did not make a balloon payment (¶ 11).

From May through June 2011, OWB refused to accept any loan payments from plaintiffs (¶ 12). Plaintiffs submitted a loan modification application in July 2011, which OWB accepted in September 2011 (Id. ¶ 13). As part of the loan modification, plaintiffs were required to and did make three reduced monthly loan payments of $772.50 during the trial loan modification period (¶ 16). At the time OWB agreed to the loan modification, plaintiffs offered to make the back payments that OWB had previously refused to accept, but OWB declined to accept back payments (¶ 14).

On December 31, 2011, plaintiffs signed a permanent loan modification under which OWB refinanced the loan balance of $108,396.41 at a fixed interest rate of 5%. Plaintiffs made all payments required under the new loan. Plaintiffs later paid off the loan after selling the property (¶¶ 18, 34).

While the parties were disagreeing whether OWB was obligated to refinance the old loan (May 2011 to mid-July 2011) and while plaintiffs were making the agreed trial modification plan payments (September 2011 to December 2011), OWB reported to the three nationwide credit reporting agencies, Experian, Equifax and Trans Union, (the CRAs) that plaintiffs were late in making monthly payments (¶ 20).

Once plaintiffs learned that OWB was reporting delinquent payments to the CRAs, plaintiffs disputed OWB's credit reporting in telephone calls and in letters to Trans Union and OWB (¶¶ 24, 30, 33, 35, & 37). Defendants refused to remove the reports plaintiffs were delinquent (¶ 37).

Defendants' credit reporting caused plaintiffs damages. In August 2012, plaintiffs were unable to secure a loan to buy house in Fairfield, California due to defendants' credit reporting (¶ 23). Plaintiffs suffered emotional distress as a result of the credit reporting (¶ 46).

OWB's credit reports to the credit bureaus were inaccurate, misleading, and incomplete. The reporting was inaccurate because the account was never past due; on the contrary, plaintiffs made all payments on a timely basis that OWB would accept (¶¶ 16, 43).

OWB's credit reporting was misleading because the reports by the credit reporting agencies would reasonably lead a creditor to believe plaintiffs had not paid the payments due under the mortgage loan on a timely basis. The reporting was incomplete because the reports failed to state that plaintiffs made each payment due under a Trial Plan on a timely basis and that the only reason payments were not made was that OWB arbitrarily refused to accept any payments (¶ 44).

Fannie Mae owns the loan in question; OWB is the servicer OWB's reports to the CRAs that plaintiffs were delinquent during the trial modification period were contrary to Fannie Mae's guidelines (¶¶ 40-42).

**ARGUMENT**

**A. Standard on a Motion To Dismiss**

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in the in plaintiff's complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally." *Rescuecom*

PL'S MEMO IN OPP TO DEF'S MOTION TO DISMISS – STEINER V ONE WEST BANK, NO. 4:13-CV-05349 SBA

Page 3 of 8

*Corp. v Google Inc.,* 562 F.3d 123, 127; California Practice Guide, *Federal Civil Proc. before Trial,* ¶ 9:213 (The Rutter Group 2014). All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the complaint states a valid claim. *Braden v Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)—"*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice;" see also *Barker v Riverside County of Ed.*, 584 F.3d 821, 824 (9th Cir. 2009).

The court may dismiss a case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v New Cingular Wireless Services, Inc.*, 622 F. 3d 1035, 1041 (9th Cir. 2010). When a complaint presents a legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim for relief." *Id.* citing *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

**B. Civil Code § 1785.25(a) Provides a Private Right of Action against Furnishers**

Defendant OWB argues that a private party may not bring a private right of action against a furnisher of credit based on violations of Civil Code § 1785.25(a) and § 1785.31 (Defs' Memo pp 5-6). OWB is wrong.

Civil Code § 1785.25(a) states that "a person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Civil Code § 1785.31 provides remedies for "any consumer who suffers damages as a result of a violation of this title."

OWB bases its argument on *Pulver v Avco Financial Services* (1986) 182 Cal. App. 3d 622,

633 in which the Court of Appeal held that the Act does not apply to furnishers. The problem with relying on *Pulver* is that it was decided in 1986, seven years before the California Legislature added Civil Code § 1785.25(a).[1] Therefore, *Pulver* has no application to the interpretation of § 1785.25(a). OWB ignores this salient fact.

In *McFaul v Bank of America*, 2013 WL 2368056 (N.D. Calif 2013), Magistrate Judge Grewal explained why *Pulver* has no viability:

> the CCRA has been amended to provide a private cause of action for the type of conduct in which she alleges Bank of America engaged [cited the legislative history following Civil Code § 1725.25(g)]. It is true that other district courts have held that the CCRA does not provide a private cause of action against furnishers of information to credit agencies (citing the *Samuel* case). Those cases rely on *Pulver v. Avco Fin. Serv.,* [citation omitted] in which the California Court of Appeal held that the CCRA did not provide a private cause of action against furnishers of information because the California Legislature intended only to regulate credit reporting agencies. But *Pulver* pre-dates the California Legislature's 1993 amendment of the CCRA to include Section 1785.25, which explicitly provides a private cause of action against parties furnishing information to credit reporting agencies [citing legislative history]. In *Gorman v. Wolpoff & Abramson, LLP,* the Ninth Circuit acknowledged as much in its holding that the Federal Credit Reporting Act does not preempt the private cause of action Section 1785.25 provides. The court agrees with McFaul that she may allege a cause of action against Bank of America for the alleged reports.

OWB fails to cite controlling opinion by the 9th Circuit, *Gorman v Wolpoff & Abramson*, LLP, 584 F.3d 1147, 1171 (9th Cir 2009), in which the Court held that Section 1785.25(a) imposes legal duties on furnishers of information, that it is not preempted by the FCRA, that the remedies Section 1785.31 is not preempted by the FCRA, and that therefore private parties may use it to enforce Section 1785.25(a).

---

[1] Stats 1992, chapter 1194, AB 1629; Assembly Bill 1629, Leg. Reg. Sess. (Cal 1992) ("Existing law does not specifically impose obligations on furnishers of information to consumer credit reporting agencies concerning accuracy and completeness…This will would impose various obligations on persons furnishing this information, including a requirement for investigation of disputes."

**PL'S MEMO IN OPP TO DEF'S MOTION TO DISMISS – STEINER V ONE WEST BANK, NO. 4:13-CV-05349 SBA**

Nor does OWB cite *Sanai v Saltz* (2009) 170 Cal. App. 4th 746, 776-778, in which the Court of Appeal also held that the remedies set forth in Section 1785.31 were available to persons seeking to enforce Section 1785.25(a) rejecting some earlier suggestions to the contrary.

The opinions[2] cited by OWB relied on *Pulver* case in finding that private parties had no right to enforce Civil Code § 1785.25(a). *Davis* was decided prior to *Gorman*.

In addition to Magistrate Judge Grewal, in the following opinions, judges in this district have ruled that private parties may enforce Civil Code § 1785.25(a) and seek the remedies provided by Civil Code § 1785.31:

- *Abdelfattah v Carrington Mortgage Services LLC*, 2013 WL 495358 (Whyte, J)
- *Venugopal v Citibank,* 2013 WL 1365992 (Wilken, J)
- *Thorp v EduCap, Inc.* No. 3:13-cv-03830 MMC (Chesney, J)
- *Lovejoy v Bank of America,* 2013 WL 3360898 (Ryu, MJ)
- *Jamil-Panah v One West Bank,* No. 3:12-cv-00078 EDL (LaPorte, MJ)
- *Giovanni v Bank of America,* 2013 WL 1663335 (Beeler, MJ)
- *Grantham v Bank of America,* 2013 WL 5904729 (Elena-James, MJ)

C. **Plaintiffs Have Adequately Pled the Implied Covenant of Good Faith & Fair Dealing and Breach of Contract**

OWB argues the Court should dismiss plaintiffs' fourth claim based on the breach of the implied covenant of fair dealing and breach of contract having failed to identify a specific provision of the loan agreement that OWB breached.

---

[2] *Samuel v CitiMortgage, Inc.*, 2013 WL 1501491 (N.D. Cal. 2013); *Miller v Bank of America,* 858 F. Sup. 2d 1118, 1125 (S.D. Cal 2012); and *Davis v Maryland Bank,* 2002 WL 32713429 (N.D. Cal. 2002).

Under Arizona law, a covenant of good faith and fair dealing is implied in every contract. *Rawlings v Apodaca,* 151 Ariz. 149, 726 P.2d 565, 571, 726 P.2d 565 (Ariz. Sup. Ct. 1986). This covenant requires that neither party impinge upon the rights given to the other by the agreement. *Kuehn v Stanley*, 208 Ariz. 124, 132 (App Div 2004).

The covenant of good faith and fair dealing is implied. It is not based on any specific provision of the loan contract.[3] Therefore, OWB's argument that plaintiffs' claim for breach of the implied covenant makes no sense.

As a matter of good faith and fair dealing, OWB had a duty to maintain accurate records of the transactions between the parties and to post checks in a timely manner (¶ 83) and to otherwise handle plaintiffs' account (¶ 84).

OWB breached its duties in failing to keep accurate records of plaintiffs' Loan Account, losing checks that plaintiffs sent to OWB, refusing to apply plaintiffs' checks to the Loan, failing to apply payments in a timely manner, and in charging fees to which OWB was not entitled (¶¶ 80-89).

*Howard v JP Morgan Chase Bank, N.A*., 2012 WL 6589330 (D. Ariz.) cited by OWB is a case in which an in pro per plaintiff failed to identify any contract that was breached and failed to explain how the defendants breached the implied covenant. *Stratton v Am Medical Security, Inc*.,

---

[3] In *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 818, the California Supreme Court held that addition to the duties imposed on contracting parties by the express terms of their agreement, the law implies in every contract a covenant of good faith and fair dealing. The implied promise requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement. The precise nature and extent of the duty imposed by such an implied promise will depend on the contractual purposes (citations omitted). (The Arizona Supreme Court cited *Egan* with approval in *Rawlings v Apodaca*, *supra).*

**PL'S MEMO IN OPP TO DEF'S MOTION TO DISMISS – STEINER V ONE WEST BANK, NO. 4:13-CV-05349 SBA**

2008 WL 2039313 (D. Ariz) cited by OWB involved the question whether a policy of insurance was group insurance under Arizona law. Neither case has any application to this action.

In their FAC, plaintiffs identified a specific provision of the loan agreement that OWB breached, *viz.*, Section 2 of the Deed of Trust that obligated OWB to apply plaintiffs' payments in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due for escrow items (FAC, ¶ 81). The FAC alleges that OWB breached the agreement in handling plaintiffs' payments (¶¶ 83, 85).

Plaintiffs' allegations breach of the covenant of good faith and fair dealing and breach of contract are properly pled.

**D. Conclusion.**

Plaintiffs respectfully ask this Court to deny OWB's motion to dismiss the Third and Fourth claims of the First Amended Complaint.

Date: February 24, 2014

/s/ *Mark F. Anderson*
Mark F. Anderson, SBN 44787
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
San Francisco, CA 94104
Suite 914
Phone: 415.651.1951
Fax: 415.500.8300
mark@aoblawyers.com

*Attorney for Plaintiffs*