1 STROOCK & STROOCK & LAVAN LLP
 JULIA B. STRICKLAND (State Bar No. 83013)
2 BRIAN C. FRONTINO (State Bar No. 222032)
 ANI AZADIAN (State Bar No. 284007)
3 2029 Century Park East
 Los Angeles, CA  90067-3086
4 Telephone:  310-556-5800
 Facsimile:  310-556-5959
5 Email:  lacalendar@stroock.com

6 Attorneys for Defendant
  ONEWEST BANK N.A. (formerly known as
7  ONEWEST BANK, FSB)

8

9     **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA**

11       **OAKLAND DIVISION**

12

13 RICHARD A. STEINER and CAROLE J. ) Case No. 4:13-cv-05349-SBA
 STEINER,        )
14           ) **REPLY IN SUPPORT OF DEFENDANT**
           ) **ONEWEST BANK, FSB'S MOTION TO**
15    Plaintiffs,   ) **DISMISS PLAINTIFFS' FIRST AMENDED**
           ) **COMPLAINT PURSUANT TO FEDERAL**
    v.      ) **RULE OF CIVIL PROCEDURE 12(b)(6)**
16           )
 ONEWEST BANK, FSB and TRANS UNION, )
17 LLC,        ) Hearing:
           ) Date:   April 1, 2014
18    Defendants.  ) Time:   1:00 p.m.
           ) Courtroom: 1 -- 4th Floor
19           )

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF DEFENDANT ONEWEST BANK, FSB'S MOTION  TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT
Case No. 4:13-cv-05349-SBA

LA 51731512

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

3

4

5

6

7

8

9

10

11

12

13

14

15

Plaintiffs have not offered any new or valid arguments in their Opposition to address the defects in their FAC raised in the Motion.[1]  Contrary to Plaintiffs' contentions, the CCRAA simply does not permit private rights of action against furnishers of credit information as a matter of California state law, thereby barring Plaintiffs' Third Claim alleged thereunder.  Tellingly, Plaintiffs ignore the authority cited in OneWest's Motion on this issue, including this Court's own prior ruling, all of which post-date the 1993 enactment of Section 1785.25(a) of the CCRAA. Plaintiffs also appear to either misunderstand or attempt to mislead the Court by drawing the conclusion that the Ninth Circuit's opinion in Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1171 (9th Cir. 2009), stands for the proposition that Section 1785.25(a) permits private rights of action against furnishers notwithstanding Pulver v. Avco Fin. Servs., 182 Cal. App. 3d 622 (1986), and its progeny.  Plaintiffs are wrong.  Gorman does not address the issue raised in Pulver. Even assuming there is a private right of action under the CCRAA, which there is not, the FAC fails to state a claim since it contains no factual allegations as to how OneWest violated it.

16

17

18

19

20

21

22

23

24

25

26

Additionally, Plaintiffs' Fourth Claim for breach of contract fails for a number of reasons and Plaintiffs' arguments in their Opposition do not cure these defects.  First, as discussed in the Motion, Plaintiffs' citation to Section 2 of the Deed of Trust is completely irrelevant, as that provision relates to prioritization of payments, not OneWest's alleged duty to "accurately maintain records" and "post checks and other means of payment to plaintiffs' loan account in a timely manner."  Unable to identify a specific provision of the contract that was supposedly breached, Plaintiffs improperly resort to the implied covenant of good faith and fair dealing.  It is fundamental, however, that the implied covenant cannot be used to create obligations that are not contemplated by the contract's express terms.  Second, even if Plaintiffs could somehow allege a claim for breach of contract by relying solely on the implied covenant, the claim still fails as a matter of law because courts have consistently held that "implied" duties are preempted by the

27

28

---

[1]  Capitalized terms are used herein as defined in the Motion.

REPLY IN SUPPORT OF DEFENDANT ONEWEST BANK, FSB'S MOTION  TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 4:13-cv-05349-SBA

1

2

FCRA when it comes to the obligations of furnishers of credit information, which Plaintiffs claim OneWest did not properly fulfill.

3

4

5

Because none of the arguments advanced in the Opposition have merit and because Plaintiffs have not identified any ability to cure these fatal defects, Plaintiffs' Third and Fourth Claims must be dismissed with prejudice.

6

## II.  ARGUMENT

7

**A.      Plaintiffs Fail To State A Claim Against OneWest Under The CCRAA.**

8

9

**1.      The CCRAA Does Not Permit Private Rights Of Action Against Furnishers Of Credit Information, Like OneWest, As A Matter Of California State Law.**

10

11

12

13

14

15

16

17

18

19

20

21

22

As set forth in OneWest's Motion, under California state law, a party may not bring a private right of action against a furnisher of credit information, like OneWest, for violations of Section 1785.25(a) of the CCRAA.  Samuel v. CitiMortgage, Inc., No. 12-cv-05871, 2013 WL 1501491, at *4 (N.D. Cal. Apr. 10, 2013); Miller v. Bank of Am., N.A., 858 F. Supp. 2d 1118, 1125 (S.D. Cal. 2012); Davis v. Md. Bank, N.A., No. 00-cv-04191, 2002 WL 32713429, at *13 (N.D. Cal. June 19, 2002); Pulver, 182 Cal. App. 3d at 633.  In their Opposition, Plaintiffs unsuccessfully attempt to discredit Pulver, which unequivocally held that the CCRAA "does not extend liability to one who furnishes information to a credit reporting agency[,]" like OneWest, on the grounds that the decision precedes the 1993 enactment of Section 1785.25(a).  (See Opp. at 5:1-4.)  In so doing, Plaintiffs ignore the multiple above-cited decisions that post-date the 1993 enactment of Section 1785.25(a) and that follow Pulver, including one issued by this very Court (Davis).  These three decisions all conclude that private plaintiffs cannot bring CCRAA claims against furnishers of credit information, like OneWest, as a matter of California state law.

23

24

25

26

27

28

Plaintiffs' argument that the Ninth Circuit in Gorman held that the FCRA does not preempt two specific provisions of the CCRAA (Sections 1785.25(a), 1785.31), thereby confirming that a private right of action exists against furnishers of credit information, is inapposite.  (See Opp. at 5:17-23.)  In Gorman, the Ninth Circuit explained that, although Section 1785.25(a) of the CCRAA was expressly saved from preemption under the FCRA, Section 1785.31, the CCRAA's

REPLY IN SUPPORT OF DEFENDANT ONEWEST BANK, FSB'S MOTION  TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 4:13-cv-05349-SBA

LA 51731512

enforcement provision, also is not affected by the FCRA's preemption provision because the FCRA preempts only "requirements" or "prohibitions" imposed by state law, and the remedial provision of the CCRAA (Section 1785.31) was neither.  Gorman, 584 F.3d at 1170-72.  This is not the issue in Pulver and its progeny, which distinctly held that Section 1785.31 extends to claims against CRAs only, not furnishers of credit information, such as OneWest Bank.  See Samuel, 2013 WL 1501491, at *4 ("[S]ection 1785.31 only extends to private plaintiffs bringing CCRAA claims against credit reporting agencies and users of information.  Private plaintiffs cannot bring CCRAA claims against a furnisher of credit information.") (internal quotation marks omitted, emphasis added).  Accordingly, Plaintiffs' Third Claim for violation of the CCRAA is barred.

> ### 2.  Even If The CCRAA Permitted Private Rights Of Action, Which It Does Not, Plaintiffs Fail To Plead Adequate Facts To State A Claim Against OneWest.

Aside from the fact that private rights of action do not exist against furnishers of credit information under the CCRAA, Plaintiffs' Third Claim still fails because Plaintiffs do not sufficiently plead a violation.  The FAC contains no factual allegations as to how OneWest knew or should have known any information it furnished to CRA's regarding Plaintiffs' loan was incomplete or inaccurate, which is required in order to assert a violation of Section 1785.25(a).  See Cal. Civ. Code § 1785.25(a) ("A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.").  Instead, Plaintiffs simply conclude that they sent OneWest "a letter stating its inaccurate credit reporting was destroying their credit standing." (FAC ¶ 33.)  As such, Plaintiffs' allegations consist of no more than unsupported legal phrases and language lifted from the CCRAA's text, which is insufficient.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009) ("the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'- 'that the pleader is

- 3 -

REPLY IN SUPPORT OF DEFENDANT ONEWEST BANK, FSB'S MOTION  TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 4:13-cv-05349-SBA

LA 51731512

entitled to relief'") (citation omitted).  Therefore, Plaintiffs' Third Claim for violation of the CCRAA must be dismissed with prejudice because Plaintiffs still have not come forward with facts supporting their CCRAA claim despite two opportunities to do so and two motions to dismiss from OneWest identifying this deficiency.

**B.  Plaintiffs' Fourth Claim For Breach Of Contract Fails On Multiple Grounds.**

      **1.  Unable To Identify A Specific Provision In the Loan Agreement That OneWest Allegedly Breached, Plaintiffs Improperly Rely On The Implied Covenant Of Good Faith And Fair Dealing.**

Plaintiffs' Opposition wholly ignores the lack of a nexus between Section 2 of their Deed of Trust, which concerns priority of payments, and their allegations that OneWest breached its duty under the loan agreement "to accurately maintain records of plaintiffs" and "post check and other means of payment to plaintiffs' loan accounts in a timely manner."  (<u>See generally</u>, Opp.; FAC ¶¶ 81, 83, 85.)  As discussed in the Motion, in order to state a claim for breach of contract, Plaintiffs simply must identify a specific provision of the loan agreement that OneWest supposedly breached. <u>See</u> <u>Howard v. JPMorgan Chase Bank, N.A.</u>, No. 12-cv-0952 PHX, 2012 WL 6589330, at *2 (D. Ariz. Dec. 17, 2012) (dismissing breach of contract claim under Arizona law where, among other things, plaintiffs "failed to clearly identify . . . the provisions of those contracts that were breached . . . ."); <u>Stratton v. Am. Med. Sec., Inc.</u>, No. 07-cv-1491 PHX, 2008 WL 2039313, at *5 (D. Ariz. May 12, 2008) (finding breach of contract claim under Arizona law insufficiently pled because "Plaintiff has not pointed to a specific provision in the contract . . . that has been breached . . . .").  Having failed to meet this simple pleading requirement, Plaintiffs' Fourth Claim fails.

In a futile attempt to rescue their breach of contract claim from this glaring inconsistency, Plaintiffs argue that OneWest's supposed duty was implied into the loan agreement by the covenant of good faith and fair dealing, irrespective of any express provision(s).  (Opp. at 7:1-8 ("The covenant of good faith and fair dealing is implied.  It is not based on any specific provision of the loan contract.  Therefore, OWB's argument that plaintiffs' claim for breach of implied covenant [sic] makes no sense.").)  As a matter of black-letter law, Plaintiffs cannot use the implied covenant

- 4 -

REPLY IN SUPPORT OF DEFENDANT ONEWEST BANK, FSB'S MOTION  TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No. 4:13-cv-05349-SBA

LA 51731512

to insert terms not present in the contract.  Moreau v. Air France, 356 F.3d 942, 954 (9th Cir. 2004) (holding that the implied covenant "cannot 'impose any substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement'"); McKnight v. Torres, 563 F.3d 890, 893 (9th Cir. 2009) ("good faith and fair dealing . . . 'is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract'"); see also Howard, 2012 WL 6589330, at *2 (finding plaintiffs failed to plead breach of covenant of good faith and fair dealing because plaintiffs did not "identify either the specific contracts or the specific provisions within those contracts with respect to which Defendants allegedly breached the implied covenant" and did "not state precisely how Defendants breached the implied covenant").

Here, Plaintiffs claim that OneWest breached Section 2 of their Deed of Trust by failing to keep accurate records of their Loan account and not applying their payments in a timely manner. (FAC at ¶¶ 83, 79-89.)  However, a simple reading of Section 2 confirms that it does not relate in any way to Plaintiffs' allegations.  Instead, Section 2 concerns prioritization of payments.[2]  Without establishing a basis for asserting the exercise of a contract right in good faith, the covenant does not come into play.

After two opportunities to do so, Plaintiffs still cannot identify any provision in the loan agreement that requires OneWest "to accurately maintain records of plaintiffs" and "post check and other means of payment to plaintiffs' loan accounts in a timely manner" or how OneWest breached any such obligation.  Indeed, Plaintiffs' Opposition now confirms that there is no such provision in the loan agreement, and they cannot rely on the implied covenant to create obligations that were not contemplated by the loan agreement's express terms.  McKnight, 563 F.3d at 893.  Accordingly, Plaintiffs' Fourth Claim for breach of contract must be dismissed with prejudice.

---

[2]  Section 2 of the Deed of Trust states: [A]ll payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.  (See Dkt. No. 32, RJN, Ex. B at 4.)

LA 51731512

**2.      Any Duty Purportedly Implied Into The Contract Would Be Preempted By The FCRA.**

Even if the implied covenant could be alleged to assert a breach of contract claim here, which it cannot, Plaintiffs' claim still would fail as a matter of law because courts have routinely held that "implied" duties are preempted by Section 1681t(b)(1)(F) of the FCRA.  Under 15 U.S.C. § 1681t(b)(1)(F), "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."  Section 1681s-2 of the FCRA regulates furnishers of credit information and the "enforcement of the duties enumerated [under it are] expressly reserved to federal agencies and specified state officials[,]" not private parties.  Sanai v. Saltz, 170 Cal. App. 4th 746, 773, 88 Cal. Rptr. 3d 673, 694 (2009); 15 U.S.C. § 1681s-2.  It is well settled that Section "1681t(b)(1)(F) totally preempts all state common law tort claims against furnishers of credit information arising from conduct regulated by 15 U.S.C. § 1681s-2."  Id.

In the seminal case of Cipollone v. Liggett Group, Inc., 505 U.S. 504, 112 S.Ct. 2608 (1992), the Supreme Court set forth the rule that breach of contract claims are not preempted because the parties voluntarily agreed to the express terms of the agreement.  Id. at 526 ("a common-law remedy for a contractual commitment voluntarily undertaken should not be regarded as a 'requirement . . . *imposed under state law.*'") (emphasis in original).  As a result of this rule, courts have drawn a distinction between breach of contract claims based on the express terms of a contract and claims based on implied terms, with only the latter being preempted by the FCRA. Compare Rex v. Chase Home Fin. LLC, 905 F. Supp. 2d 1111, 1152 (C.D. Cal. 2012) (a "breach of contract claim is not preempted by the Section 1681t(b)(1)(F) Preemption Provision because that provision 'prohibits only legal duties imposed under the laws of any State,' whereas 'requirements voluntarily assumed by contract are not imposed under state law'") with Carruthers v. Am. Honda Fin. Corp., 717 F. Supp. 2d 1251, 1254 (N.D. Fla. 2010) (holding that the implied covenant of good

LA 51731512

1   faith is not "voluntarily undertaken"  but instead is imposed under state law, thus, preempted by the

2   FCRA.).

3         The district court in <u>Carruthers</u> addressed the very issue here.  There, plaintiff asserted a

4   breach of contract claim but failed to allege that defendant violated a specific term of the contract.

5   <u>Id.</u>  Instead, like Plaintiffs here, plaintiff in <u>Carruthers</u> alleged that defendant violated the "covenant

6   of good faith and fair dealing [implied] in every contract under Florida law."  <u>Id.</u>  The court

7   explained that while "voluntarily-assumed contractual duties are not 'imposed under state law' []

8   the duty of good faith and fair dealing is.  One does not voluntarily assume the duty of good faith

9   and fair dealing.  It is implied by law 'to protect . . . reasonable expectations.'"  <u>Id.</u>  Accordingly,

10  the court held that plaintiff's duty of good faith and fair dealing claim was "totally preempted"

11  under the FCRA's preemption provision -- Section 1681t(b)(1)(F).  <u>Id.</u> at 1255, 1257-58.  In

12  support of its conclusion, the court pointed to <u>Papas v. Upjohn Co.</u>, 985 F.2d 516 (11th Cir. 1993),

13  which addressed whether the implied warranty of merchantability comes within <u>Cipollone</u>'s

14  voluntarily-assumed-duty exception.  The <u>Papas</u> court held that it did not, reasoning:

15        [Unlike express warranties] implied warranties [] arise by operation of law.
          Although liability for breach of an *express* warranty may be viewed as imposed by
16        the warrantor, liability for breach of an *implied* warranty is based on the agreement,
          *imposed by law*, to be responsible in the event the thing sold is not in fact fit for the
17        use and purposes intended. . . .  If [the defendant] were to have liability for breach of
          an implied warranty of merchantability, that liability would not be self-inflicted.
18        Instead, that liability would be based on a requirement imposed by state law.

19  <u>Id.</u> at 519-20 (internal citations omitted, emphasis in original); <u>accord</u> <u>Taylor AG Indus. v. Pure-</u>

20  <u>Gro</u>, 54 F.3d 555, 563 (9th Cir. 1995) (applying <u>Papas</u> and concluding that the implied warranty of

21  fitness is preempted).

22        As explained above and in the Motion, OneWest challenged Plaintiffs' Fourth Claim for

23  breach of contract on the grounds that they did not identify the specific provision of the loan

24  agreement OneWest supposedly breached, putting aside their express allegation that OneWest

25  breached its implied "duty of good faith and fair dealing in not properly applying plaintiffs'

26  periodic payments to [their] loan accounts, in not maintain accurate accounting records of

27  plaintiffs' payments, and by charging plaintiffs fees to which OWB was not entitled."  (FAC ¶ 85;

28

- 7 -

LA 51731512

Motion at 6:22-7:26.)  In their Opposition, Plaintiffs confirm that their Fourth Claim for breach of contract is based <u>solely</u> on the implied covenant and not any express term of the contract.  (Opp. at 7:5-8.)  Because their allegations are based on OneWest's duties as a furnisher of credit information, the scope of which is exclusively governed by the FCRA, Plaintiffs' claim for breach contract, which they now assert is based solely on the implied covenant of good faith and fair dealing, is preempted by the FCRA as set forth in <u>Cipollone</u> and its progeny.  Therefore, Plaintiffs' Fourth Claim for breach of contract must be dismissed with prejudice.

### III.  CONCLUSION

For the foregoing reasons, and those set forth in the Motion, OneWest respectfully requests that the Court dismiss Plaintiffs' Third and Fourth Claims with prejudice.

Dated:  March 7, 2014

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
BRIAN C. FRONTINO
ANI AZADIAN

By:        */s/ Julia B. Strickland*
              Julia B. Strickland

Attorneys for Defendant
ONEWEST BANK N.A. (formerly known as
ONEWEST BANK, FSB)

LA 51731512