UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARD A. STEINER and CAROLE J. STEINER, | Case No:  C 13-05349 SBA |
| Plaintiffs, | **ORDER DENYING MOTION TO DIMISS** |
| vs. | Docket 31 |
| ONEWEST BANK, FSB and TRANS UNION, LLC, | |
| Defendants. | |

The parties are presently before the Court on Defendant OneWest Bank, FSB's ("OneWest") motion to dismiss the first amended complaint ("FAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 31.  Plaintiffs Richard and Carole Steiner oppose the motion.  Dkt. 35.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES OneWest's motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **BACKGROUND**

OneWest is a federal savings bank with its principal place of business in Pasadena, California.  FAC ¶ 3.  Plaintiffs, husband and wife, are individuals who reside in Solano County, California.  Id. ¶ 2.  On March 25, 2004, Plaintiffs purchased real property located in Surprise, Arizona ("the property").  Id. ¶ 7.  They financed the purchase of the property with a loan from OneWest's predecessor, IndyMac Bank, FSB ("IndyMac").  Id.  Plaintiffs and IndyMac executed a seven-year balloon promissory note for $122,176 at 5% interest ("Balloon Note").  Id. ¶ 8.  They also executed an addendum to the Balloon Note which

1  provided them the conditional right to refinance the loan at the end of the seven-year

2  period.  Id.  Specifically, the addendum provides that at the maturity of the Balloon Note,

3  Plaintiffs have the option to obtain a new loan with a new maturity date of April 1, 2034.

4  Def.'s Req. for Judicial Notice ("RJN"), Exh. A, Dkt. 32.  In other words, after the

5  expiration of the original seven-year loan, Plaintiffs had the right to refinance the remaining

6  loan balance over a 23-year period.  FAC ¶ 8.

7       The conditional right to refinance included certain conditions, one of which was that

8  Plaintiffs were required to occupy the property.  FAC ¶ 9; Def.'s RJN, Exh. A.  However,

9  before Plaintiffs agreed to buy the property, they told IndyMac that they did not intend to

10  occupy the property, but instead were buying it as an investment.  FAC ¶ 9.  According to

11  Plaintiffs, IndyMac's representatives told them that they could disregard the occupancy

12  condition, and that, when the original seven-year loan matured, IndyMac would allow them

13  to refinance the property.  Id.  Relying on that representation, Plaintiffs agreed to sign the

14  promissory Balloon Note and the addendum to the Balloon Note.  Id.  At that time, the

15  parties understood that Plaintiffs were paying an additional 0.5% interest because they did

16  not intend to occupy the property.  Id.

17       In 2009, OneWest acquired the assets of IndyMac from the Federal Deposit

18  Insurance Corporation.  FAC at 2 n. 1.  In or about December 2010, OneWest provided

19  Plaintiffs with documents to refinance their loan.  Id. ¶ 11.  On April 1, 2011, the Balloon

20  Note matured.  Id.  Later that month, OneWest informed Plaintiffs that it would not

21  refinance their loan because they were not occupying the property.  Id.

22       From May 2011 through June 2011, OneWest did not accept any loan payments

23  from Plaintiffs.  FAC ¶ 12.  However, after numerous discussions, OneWest agreed to

24  consider a loan modification.  Id.  In July 2011, Plaintiffs submitted a loan modification

25  application to OneWest.  Id. ¶ 13.  In or about September 2011, OneWest agreed to modify

26  Plaintiffs' loan pursuant to the Home Affordable Modification Program ("HAMP").  Id.  At

27  that time, Plaintiffs offered to make all back payments as well as their current payment.  Id.

28  ¶ 14.  OneWest, however, refused to accept such payments, informing Plaintiffs that a

1  property owner must be behind on their loan payments in order to qualify for a loan

2  modification.  Id.

3        As part of the loan modification process, Plaintiffs were required to make three

4  payments of 4,772.50 per month for three months.  FAC ¶ 16.  Plaintiffs made payments in

5  this amount on the following dates:  9/7/11, 9/30/11, 10/28/11, and 11/25/11.  Id.  However,

6  instead of crediting these payments to Plaintiffs' loan account, OneWest placed the money

7  in a suspense account.  Id.  On December 31, 2011, Plaintiffs signed a permanent loan

8  modification.  Id. ¶ 18.  Following the sale of the property, Plaintiffs paid off their loan on

9  March 8, 2013.  Id. ¶¶ 18, 34.

10       Plaintiffs allege that while the parties were disagreeing about whether OneWest was

11 obligated to refinance the original seven-year loan, and while Plaintiffs were making the

12 agreed upon trial loan modification payments, OneWest reported to the three nationwide

13 credit reporting agencies (i.e., Experian, Equifax and Trans Union (collectively, "the

14 CRAs")) that Plaintiffs were late in making their loan payments.  FAC ¶¶ 20-21.  After

15 learning that OneWest was reporting delinquent loan payments to the CRAs, Plaintiffs

16 contacted OneWest via telephone and letters to dispute the accuracy of OneWest's

17 reporting.  Id. ¶¶ 24, 30, 33, 35.  OneWest, however, refused to "remove" its reports to the

18 CRAs.  Id. ¶ 37.  According to Plaintiffs, as a consequence of OneWest's credit reporting,

19 they were unable to obtain a loan to purchase a home in August 2012.  Id. ¶ 23.

20       On November 18, 2013, Plaintiffs commenced the instant action against Defendants.

21 Compl., Dkt. 1.  On January 21, 2014, Plaintiffs filed a FAC.  FAC, Dkt. 23.  The FAC

22 alleges four claims for relief:  (1) violation of the Fair Debt Collection Practices Act

23 ("FDCPA"), 15 U.S.C. § 1692 et seq., against Trans Union, LLC; (2) violation of the

24 FDCPA against OneWest; (3) violation of California's Rosenthal Fair Debt Collection

25 Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq., against OneWest; and (4)

26 breach of contract against OneWest.  Id.  Presently pending before the Court is OneWest's

27 motion to dismiss Plaintiffs' RFDCPA and breach of contract claims.

28 ///

**II.    LEGAL STANDARD**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 563 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." Id. at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation marks and citation omitted).

Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

1  Leave to amend is not required where permitting further amendment to the pleadings would

2  be futile.  See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049-1050 (9th

3  Cir. 2006).

4  **III.    DISCUSSION**

5      **A.     Judicial Notice**

6          Pursuant to Rule 201 of the Federal Rules of Evidence, OneWest requests the Court

7  take judicial notice of the following documents:  (1) the Balloon Note and the addendum to

8  the Balloon Note, dated March 15, 2004; and (2) the Deed of Trust, dated March 15, 2004.

9  Plaintiffs do not oppose OneWest's request for judicial notice.

10         A court may judicially notice a fact that is not subject to reasonable dispute because

11  it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be

12  accurately and readily determined from sources whose accuracy cannot reasonably be

13  questioned.  Fed.R.Evid. 201(b).  A court may take judicial notice of matters of public

14  record without converting a motion to dismiss into a motion for summary judgment.  Lee v.

15  City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Additionally, under the

16  "incorporation by reference" doctrine, a court may consider documents whose contents are

17  alleged in a complaint and whose authenticity no party questions, but which are not

18  physically attached to the plaintiff's pleading.  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th

19  Cir. 2005).

20         The Court finds that it is appropriate to take judicial notice of the Balloon Note and

21  the addendum to the Balloon Note under the incorporation by reference doctrine.  Further,

22  the Court finds that it is appropriate to take judicial notice of the Deed of Trust because it is

23  a matter of public record.  Accordingly, OneWest's unopposed request for judicial notice is

24  GRANTED.

25      **B.     Motion to Dismiss**

26          **1.     CCRAA Claim**

27      OneWest contends that dismissal of Plaintiffs' CCRAA claim is warranted because

28  there is no private right of action under Civil Code § 1785.25(a) against furnishers of

1  information to credit reporting agencies.  In support of its position, OneWest relies on

2  Pulver v. Avco Financial Services, 182 Cal.App.3d 622 (1986).  OneWest's reliance on

3  Pulver is misplaced.  Pulver pre-dates the California Legislature's 1993 amendment of the

4  CCRAA to include § 1785.25.  Section 1785.25 prohibits "a person" from "furnish[ing]

5  information on a specific transaction or experience to any consumer credit reporting agency

6  if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ.

7  Code § 1785.25(a).  The Ninth Circuit has recognized that a private right of action to

8  enforce § 1785.25(a) exists.  See Carvalho v. Equifax Info. Services, LLC, 629 F.3d 876,

9  888 (9th Cir. 2010) (the private right of action to enforce § 1785.25(a) is found in §

10  1785.25(g) and § 1785.31); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1172-

11  1173 (9th Cir. 2009) (recognizing that a private right of action exists to enforce §

12  1785.25(a)).

13       Given the plain language of the CCRAA and the Ninth Circuit's recognition that a

14  private right of action to enforce § 1785.25(a) exists, the Court rejects OneWest's

15  contention that Plaintiffs' CCRAA fails as a matter of law because there is no private right

16  of action against furnishers of information.  See McFaul v. Bank of America, N.A., 2013

17  WL 2368056, at *2 (N.D. Cal. 2013) (finding that § 1785.25 provides a private right of

18  action against furnishers of information); Esquivel v. Bank of America, N.A., 2013 WL

19  5781679, at *5-6 (E.D. Cal. 2013) (rejecting argument that CCRAA does not permit claims

20  against furnishers of information).[1]  Accordingly, OneWest's motion to dismiss Plaintiffs'

21  CCRAA claim is DENIED.

22            **2.     Breach of Contract Claim**

23       OneWest contends that dismissal of Plaintiffs breach of contract claim is warranted

24  because Plaintiffs failed to identify a specific provision of the loan agreement that OneWest

25

26       [1] OneWest argues for the first time in its reply brief that Plaintiffs have failed to allege sufficient facts to state a cognizable CCRAA claim.  Because this argument was not

27  raised in OneWest's moving papers, the Court disregards it.  See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (a district court need not consider arguments raised for the

28  first time in a reply brief).

**1**  breached.  OneWest also argues that "[t]o the extent that Plaintiffs' breach of contract claim

**2**  is based on the implied covenant of good faith and fair dealing, Plaintiffs' allegations are

**3**  insufficient for the same reason."  The Court disagrees.

**4**                                  a.        **Choice-of-Law**

**5**          As a preliminary matter, the Court must determine whether California or Arizona

**6**  law applies to Plaintiffs' breach of contract claim.  The parties, for their part, agree that

**7**  Arizona law governs this claim based on the choice-of-law provision in the Deed of Trust,

**8**  which provides:  "This Security Instrument shall be governed by federal law and the law of

**9**  the jurisdiction in which the Property is located," i.e., Arizona.  <u>See</u> Def.'s RJN, Exh. B.  In

**10**  determining whether California or Arizona law applies, the Court must apply California's

**11**  choice-of-law rules.[2]  <u>See</u> <u>Paracor Fin., Inc. v. Gen. Elec. Capital Corp.</u>, 96 F.3d 1151, 1164

**12**  (9th Cir. 1996) ("In a federal question action where the federal court is exercising

**13**  supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules

**14**  of the forum state. . . .").  When an agreement contains a choice-of-law provision,

**15**  California courts apply the parties' choice-of-law unless the approach set forth in

**16**  Restatement (Second) of Conflict of Laws § 187 dictates a different result.  <u>Bridge Fund</u>

**17**  <u>Capital Corp. v. Fastbucks Franchise Corp.</u>, 622 F.3d 996, 1002 (9th Cir. 2012).

**18**          Under the Restatement approach, the court must first determine whether the chosen

**19**  state has a substantial relationship to the parties or their transaction, or whether there is any

**20**  other reasonable basis for the parties' choice of law.  <u>Bridge Fund Capital</u>, 622 F.3d at 1002

**21**  (citing <u>Nedlloyd Lines B.V. v. Superior Court</u>, 3 Cal.4th 459, 465-466 (1992)).  If either

**22**  test is met, the court must determine whether the chosen state's law is contrary to a

**23**  fundamental policy of California.  <u>Bridge Fund Capital</u>, 622 F.3d at 1002.  If so, the court

**24**  must determine whether California has a materially greater interest than the chosen state in

**25**  the determination of the particular issue, and if that is the case, the court applies California

**26**

**27**          [2] It is undisputed that the Court has federal question jurisdiction over this action
based on Plaintiffs' FCRA claims.  The Court has supplemental jurisdiction over Plaintiffs'
**28**  state law claims under 28 U.S.C. § 1367.

1  law, notwithstanding the parties' choice-of-law provision.  Id. at 1002-1003.  Here, the

2  property is located in Arizona and there has been no showing that applying Arizona law

3  would run contrary to a California public policy.  Nor is the Court aware of any California

4  public policy that would be undermined by the application of Arizona law.  Accordingly,

5  the Court will apply Arizona law.

6  ### b.      Dismissal Under Rule 12(b)(6)

7  Under Arizona law, to bring a cause of action for breach of contract, a plaintiff must

8  allege:  (1) existence of the contract; (2) breach of the contract; and (3) damages resulting

9  from this breach.  Graham v. Asbury, 112 Ariz. 184, 185 (1975).  Here, Plaintiffs allege

10  that the parties had a written agreement in the form of a Promissory Note (i.e., the Balloon

11  Note), an addendum to the Balloon Note, and a Deed of Trust.  FAC ¶ 80.  Plaintiffs further

12  allege that, "[u]nder Section 2 of the Deed of Trust, [OneWest] was obligated to apply

13  [their] payments in the following order of priority:  (a) interest due under the Note; (b)

14  principal due under the Note; (c) amounts due for escrow items.  Such payments were to be

15  applied to each Periodic Payment in the order in which it became due."  Id. ¶ 81.[3]

16  According to Plaintiffs, OneWest breached Section 2 of the Deed of Trust by, among other

17  things, failing to properly apply their periodic payments to their loan account in a timely

18  manner.  Id. ¶¶ 85, 87.  Specifically, Plaintiffs allege that OneWest improperly credited

19  their trial loan modification payments to the escrow account and failed to credit their 2012

20  monthly payments to their loan account.  Id. ¶ 87.  As a consequence of OneWest's breach,

21  Plaintiffs allege that they have suffered damages, including improper late fees being added

22  to the balance of their loan and damage to their credit.  Id. ¶¶ 85, 87, 89.

23

24

25  _____

[3] Section 2 of the Deed of Trust provides that "all payments accepted and applied by Lender shall be applied in the following order of priority:  (a) interest due under the Note;
26  (b) principal due under the Note; (c) amounts due under Section 3.  Such payments shall be applied to each Periodic Payment in the order in which it became due.  Any remaining
27  amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note."  Def.'s RJN,
28  Exh. B.

1     The Court finds that the allegations in the FAC are sufficient to withstand

2  OneWest's motion to dismiss.  Contrary to OneWest's contention, Plaintiffs have identified

3  a specific contractual provision that OneWest violated, i.e., Section 2 of the Deed of Trust.

4  Further, Plaintiffs have alleged how OneWest violated this provision and that they have

5  suffered damages as a result of OneWest's breach.  Accordingly, OneWest's motion to

6  dismiss Plaintiffs' breach of contract claim is DENIED.[4]

7  **IV.    CONCLUSION**

8     For the reasons stated above, IT IS HEREBY ORDERED THAT:

9     1.     OneWest's motion to dismiss is DENIED.

10    2.     A Case Management Conference is scheduled for **June 12, 2014 at 3:00 p.m.**

11  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare

12  a joint Case Management Conference Statement.  Plaintiffs are responsible for filing the

13  joint statement no less than seven (7) days prior to the conference date.  The joint statement

14  shall comply with the Standing Order for All Judges of the Northern District of California

15  and the Standing Orders of this Court.  Plaintiffs are responsible for setting up the

16  conference call, and on the specified date and time, shall call (510) 879-3550 with all

17  parties on the line.

18    3.     This Order terminates Docket 31.

19     IT IS SO ORDERED.

20  Dated:  5/28/2014

                                        _____
21                                      SAUNDRA BROWN ARMSTRONG
                                        Senior United States District Judge
22

23

24

25

----

26  [4] OneWest argues for the first time in its reply brief that Plaintiffs' breach of
contract claim is preempted by the FCRA to the extent it is predicated on the implied
covenant of good faith and fair dealing and not any express term of the contract.  However,
27  because the Court does not consider new arguments in a reply brief, the Court disregards
this argument.  See Zamani, 491 F.3d at 997.
28