1  Mark F. Anderson (SBN 44787)
   ANDERSON, OGILVIE & BREWER LLP
2  235 Montgomery Street, Suite 914
   San Francisco, California 94104
3  Telephone: (415) 651-1951
   Fax: (415) 500-8300
4  Email: mark@aoblawyers.com

5
   Attorneys for Plaintiffs Richard A. Steiner &
6  Carole J. Steiner

7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10
   RICHARD A STEINER & CAROLE B STEINER, )      Case No. 4:13-cv-05349-SBA
11                                        )
              Plaintiffs,                 )
12                                        )
                                          )      JOINT CASE MANAGEMENT
13            v.                          )      CONFERENCE STATEMENT &
                                          )      PROPOSED ORDER
14 ONEWEST BANK, N.A. (formerly known as  )
   ONEWEST BANK, FSB),                    )      Hearing Date: January 20, 2014
15                                        )      Time: 2:45 PM (by telephone)
                                          )      Judge: Hon. Saundra B. Armstrong
16            Defendants.                 )
17 _____    )

18

19      The parties to the above-entitled action jointly submit this JOINT CASE

20 MANAGEMENT CONFERENCE STATEMENT & PROPOSED ORDER pursuant to the

21
   Standing Order for All Judges of the Northern District of California dated July 1, 2011, and Civil
22
   Local Rule 16-9.
23

24      OneWest Bank, N.A. ("OneWest") is the sole defendant; plaintiffs reached a settlement

25 with former defendant Trans Union LLC in February 2014.

26

27

28
   **JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA**

**1.     Jurisdiction & Service.**  This action is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 <u>et</u> <u>seq.</u>  Consequently, this Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1681p of the FCRA.   This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.  All parties have been served.

**2.     FACTS.**

**Plaintiffs' Statement:** Plaintiffs purchased a single family residence as an investment property in Surprise, Arizona on March 25, 2004. Plaintiffs financed the purchase with a loan for $122,176 from OneWest's predecessor IndyMac Bank, F.S.B.1

At the close of escrow, plaintiffs gave IndyMac Bank a seven (7) year balloon promissory note for $122,176 at 5% interest. Concurrently, plaintiffs gave IndyMac Bank an addendum to the balloon note in the form of a conditional right to refinance the seven year loan. The addendum states that at the maturity if the balloon note, plaintiffs would be able to obtain a new loan for 23 years to refinance the balance due on the balloon note.

The conditional right to refinance the loan includes the condition that the borrowers must be occupying the single family residence. Before plaintiffs agreed to buy with property with financing from IndyMac Bank, plaintiffs told IndyMac Bank that they did not plan to occupy the residence, but instead were buying it for investment. IndyMac Bank's representatives said plaintiffs could disregard that condition and that when the time came, IndyMac Bank would refinance the property. Relying on that representation, plaintiffs agreed to sign the promissory balloon note and the addendum giving them the conditional right to refinance the property. At

---

[1]OneWest acquired the assets of IndyMac Bank from the FDIC in March 2009.

JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA

**1**

**2**

that time, the parties understood that plaintiffs were paying an additional 0.5% interest because

the borrowers were not going to be occupying the house.

**3**

**4**

**5**

**6**

   Plaintiffs' loan application stated the property was for investment purposes and would

not be owner occupied. When the documents were received for signing there were errors and so

the documents needed to be rerun and resent to the title company at signing.

**7**

**8**

**9**

In December 2010, OneWest sent plaintiffs documents for them to complete to extend the

loan that was coming due on April 1, 2011, for another 23 years; however, OneWest initially

refused to extend the loan because plaintiffs were not occupying the property.

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

From May 2011 through June 2011, OneWest would not accept payments from plaintiffs.

However, after numerous discussions, OneWest agreed to consider a new loan modifying the old

loan. By July 2011, the parties had tentatively agreed on a loan modification.  The bank offered a

trial period plan calling for reduced payments in September through November 2011.  Plaintiffs

made the reduced payments. In December 2011, the bank agreed to a permanent loan

modification.

**18**

**19**

**20**

The bank put plaintiffs' trial period payments in a suspense account instead of crediting

the loan account and then reported to the credit reporting agencies they were delinquent

notwithstanding the fact that they were paying as agreed.

**21**

**22**

**23**

**24**

After the permanent loan modification went into effect in December 2011, plaintiffs made

all further payments on a timely basis. (The bank claims two of the 2012 were late, but plaintiffs

can easily prove that is not correct).

**25**

**26**

**27**

**28**

In August 4, 2012, plaintiffs attempted to purchase a single family home in Fairfield,

California.  However, plaintiffs' mortgage broker was unable to obtain a loan due to the bank's

reports to the credit agencies that they made late payments on the mortgage.

**JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA**

**1**

OneWest lost some of the payments and refused other payments for reasons unknown.

**2**

Time and again, plaintiffs had to call OneWest about its mistakes and to send new checks to

**3**

cover the payments.  In early 2013, OneWest mistakenly sent plaintiffs a notice it was going to

**4**

foreclose on the property.

**5**

OneWest's credit reports to the credit bureaus were inaccurate, misleading, and

**6**

incomplete. The reporting was inaccurate because the account was never past due; on the

**7**

contrary, plaintiffs made it clear they were ready and able to make the payments.

**8**

OneWest's credit reporting was misleading because the reports by the credit reporting

**9**

agencies would reasonably lead a creditor to believe plaintiffs had not paid the payments due

**10**

under the mortgage loan on a timely basis.  The reporting was incomplete the reports failed to

**11**

state that plaintiffs made each payment due under a Trial Plan on a timely basis and that the only

**12**

reason payments were not made was that OneWest arbitrarily refused to accept their payments.

**13**

**14**

**15**

**Defendant's Statement:**

**16**

**17**

**A.     OneWest Bank FSB ("OneWest"):**  IndyMac Federal Bank, FSB ("IndyMac") is not

**18**

OneWest's "predecessor" and OneWest is not liable for any alleged conduct of IndyMac because

**19**

OneWest acquired the servicing rights to Plaintiffs' loan and other IndyMac assets from the

**20**

FDIC as receiver for IndyMac, pursuant to a Master Purchase Agreement and certain other

**21**

Definitive Agreements, including a Servicing Business Asset Purchase Agreement.  Under these

**22**

governing agreements, which are publicly available on the FDIC's website at

**23**

http://www.fdic.gov/bank/individual/failed/IndyMac.html, OneWest did not acquire IndyMac's

**24**

potential liabilities related to origination, securitization or servicing activity.  Furthermore,

**25**

pursuant to the Financial Institution Reform, Recovery and Enforcement Act, 12 U.S.C. § 1821

**26**

("FIRREA"), all claims relating in any way to any alleged conduct of IndyMac are barred as a

**27**

matter of law.  Specifically, FIRREA provides, "Except as otherwise provided in this subsection,

**28**

JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA

1
2
3
4
5

no court shall have jurisdiction over . . . (i) any action seeking a determination of rights with respect to the assets of any depository institution for which the [FDIC] has been appointed receiver." 12 U.S.C. § 1821(d)(13)(D)(i).  Accordingly, OneWest is not obligated to honor, and is not liable for, any supposed oral representations IndyMac allegedly made to Plaintiffs regarding their loan.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

OneWest otherwise denies Plaintiffs' allegations and maintains that it has, at all times, complied with all applicable laws or other legal requirements.  The fact is that Plaintiffs' loan contained a balloon rider that expressly required them to occupy the property in question to qualify for the conditional right to refinance contained therein.  At the time they sought to re-finance, they admittedly did not occupy the property.  Accordingly, OneWest could not honor Plaintiffs' request to refinance under the balloon rider's conditional right to refinance.  Shortly thereafter, Plaintiffs initiated a loan modification application because they apparently also could not satisfy their balloon payment obligation under their loan.  As a result of Plaintiffs' own failure to provide required documentation for the modification, their modification application was delayed.  Plaintiffs' failure to complete their loan modification or make their balloon payment on or before the April 1, 2011 maturity date left the loan delinquent from May 2011 through January 2012.  Following their finalized modification, Plaintiffs again paid their modified loan payments late in September and October 2012.  As such, Plaintiffs' claims against OneWest, which stem from nothing more than their disappointment that OneWest rightfully refused to refinance their loan pursuant to the express owner-occupancy provision in the loan agreement, are without merit.  OneWest did not violate the FCRA, the CCRAA or breach any contract with Plaintiffs.

23
24
25

**Legal Issues.**

Plaintiff: None.

26
27

OneWest Bank:

28

JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA

**1** 1.  Whether Plaintiffs are barred from asserting any claims against OneWest based on

**2** alleged representations made by, or dealings with, IndyMac.

**3** 2.  Whether Plaintiffs may assert a claim under the California's CCRAA against

**4** OneWest, a furnisher of credit information, when such claims against furnishers of credit

**5** information are barred as a matter of California state law.  Although the Court denied OneWest's

**6** Motion to Dismiss on this particular legal issue, OneWest reserves its right to assert this

**7** argument going forward.

**8**
**9** 3.  Whether Plaintiffs' claim for breach of the implied covenant of good faith and fair

**10** dealing is preempted by the federal Fair Credit Reporting Act.

**11** 4.  Whether Plaintiffs' alleged injuries were proximately caused by any conduct of

**12** OneWest.

**13** **Motions.**

**14** On May 30, 2014, the Court denied OneWest's motion to dismiss certain claims.

**15** Plaintiffs do not anticipate filing any motions at this time.

**16**
**17** OneWest anticipates filing a motion for summary judgment after the completion of

**18** discovery.

**19** **3.    Amendment of Pleadings.**

**20** Plaintiffs filed a First Amended Complaint on January 21, 2014.

**21** OneWest will file its Answer to the First Amended Complaint on or before the current

**22** June 11, 2014 deadline.

**23**
**24** **4.    Evidence Preservation.** The parties are aware of their responsibilities to preserve

**25** evidence.  The parties have agreed to produce any electronically stored information in hard copy

**26** as an initial matter.  Once the parties have had the opportunity to review such documents, the

**27** parties agree, if necessary, to confer amongst themselves regarding any additional exchange or

**28**
**JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA**

**1**

**5.     Disclosures.**  The parties have served their initial disclosures.  OneWest has requested

**2**

**3**

that Plaintiffs supplement their initial disclosures to include an itemization and calculation of

**4**

their alleged damages and Plaintiffs have committed to doing so.

**5**

**6.     DISCOVERY:**

**6**

**7**

Discovery will be sought on all allegations and claims alleged in the Complaint and

**8**

affirmative defenses to be alleged in the Answer and will be conducted through, but not limited

**9**

to, depositions, Interrogatories, Requests for Admission and Requests for Production of

**10**

Documents.  The Parties also anticipate taking discovery from non-parties.

**11**

**12**

The parties are conferring about the terms of a protective order to facilitate the production

**13**

of any confidential and/or proprietary documents and information.

**14**

**Plaintiffs' Further Statement**:  Plaintiffs served a document request and first set of

**15**

interrogatories to which the bank responded on May 6, 2014.  The bank produced some

**16**

documents on May 27, 2014.  Plaintiffs are going to meet and confer with the bank regarding

**17**

**18**

documents plaintiffs believe have not yet been produced and interrogatories not answered.

**19**

**OneWest's Further Statement**:  OneWest contends that it has properly responded to

**20**

each of Plaintiffs' discovery requests or asserted specific objections tailored to Plaintiffs'

**21**

discovery requests.  OneWest will meet and confer with Plaintiffs in good faith regarding its

**22**

**23**

responses and objections.

**24**

**9.     CLASS ACTIONS:**  Not applicable.

**25**

**10.     RELATED CASES:**  There are no related cases.

**26**

**11.     RELIEF:**  Plaintiffs claim actual damages based on their inability to get credit and

**27**

emotional distress.

**28**

**JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA**

Page 7 of 10

**1**
**2**
OneWest reserves its right to seek attorneys' fees, costs and any other relief available to it under all applicable statutes and rules.

**3**
**4**
**5**
**6**
**12.    SETTLEMENT AND ADR:**  The parties participated in a mediation using the court's program on May 28, 2014.  Although the parties spent about 7 hours with the mediator, the case did not settle.

**7**
**8**
**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**  The Parties declined to consent to a Magistrate Judge.

**9**
**10**
**11**
**14.    OTHER REFERENCES:**  The Parties agree that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**12**
**13**
**14**
**15.    NARROWING OF ISSUES:**  The Parties agree that it is premature to attempt to narrow the issues, but will endeavor in good faith to do so as discovery continues and prior to trial.

**15**
**16**
**17**
**16.    EXPEDITED SCHEDULE:**  The Parties see no need for streamlined procedures or an expedited schedule.

**18**
**17.    SCHEDULING:**

**19**
The parties propose the following deadlines and dates:

**20**
Fact discovery cut-off:    December 31, 2014

**21**
Disclosure of experts:    January 31, 2014

**22**
**23**
Expert rebuttal reports:    March 1, 2014

**24**
Cut-off for expert discovery:    April 1, 2014

**25**
File Dispositive Motions by:   April 30, 2015

**26**
**27**
Hearing on Motions:    35 days after dispositive motion deadline or as soon thereafter as counsel may be heard.

**28**

**JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA**

1

Pre-Trial Conference:  60 days after any ruling on dispositive motions.

2

Jury trial:  15 days after Pre-Trial Conference

3

**18.**     **Trial:**  Plaintiffs have requested a trial by jury.  The Parties estimate the length of trial to

4

be five days.

5

**19.     Disclosure of Non-party Interested Entities or Persons.**

6

Plaintiffs: None.

7

8

OneWest Bank, FSB:  On January 15, 2014, OneWest filed its Certification of Interested

9

Parties or Persons, identifying OneWest Bank Group LLC, which wholly owns OneWest.

10

**20.     Other**. Not applicable.

11

12

Date: June 5, 2014

13

14

15

16

17

18

19

Date: June 5, 2014

20

21

22

23

24

25

26

27

28

/s/ *Mark F. Anderson*
Mark F. Anderson, SBN 44787
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
San Francisco, CA 94104
Ste 914
Phone: 415.651.1951
Fax: 415.500.8300
mark@aoblawyers.com

*Counsel for Plaintiffs*

/s/ *Brian Frontino*
Stroock & Stroock & Lavan LLP
Julia B. Strickland (SBN 83013)
Brian C. Frontino (SBN 222032)
Ani Azadian
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone: 310.556.5800
Fax: 310.556.5959
Email: lacalendar@stroock.com

*Counsel for Defendant*
*OneWest Bank, N.A.*

JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

approved as the Case Management Order for this case and all parties shall comply with its

provisions.

IT IS SO ORDERED.

Dated: June ___, 2014.


_____
United States District Judge

**JOINT CASE MANAGEMENT STATEMENT – STEINER V ONEWEST BANK, N.A., NO. 4:13-CV-05349 SBA**