STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
BRIAN C. FRONTINO (State Bar No. 222032)
ANI AZADIAN (State Bar No. 284007)
2029 Century Park East
Los Angeles, CA  90067-3086
Telephone:  310-556-5800
Facsimile:  310-556-5959
Email:  lacalendar@stroock.com

Attorneys for Defendant
ONEWEST BANK N.A. (formerly known as
ONEWEST BANK, FSB)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RICHARD A. STEINER and CAROLE J. STEINER,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ONEWEST BANK, FSB and TRANS UNION, LLC,<br><br>　　　　　Defendants. | Case No. 4:13-cv-05349-SBA<br><br>**ANSWER OF DEFENDANT ONEWEST BANK N.A. TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

LA 51765988

Defendant OneWest Bank N.A. (formerly known as OneWest Bank, FSB) ("OWB"), hereby answers the First Amended Complaint dated January 21, 2014 (the "Complaint"), filed by plaintiffs Richard A. Steiner and Carole J. Steiner (together "Plaintiffs") as follows:

1. Answering Paragraph 1 of the Complaint, OWB states that Plaintiffs purport to bring this action for damages for violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and California's Consumer Credit Reporting Agencies Act, Civil Code sections 1785.1-1785.36 (the "CCRAA"); but denies that it committed any such violations or that Plaintiffs are entitled to any relief whatsoever. Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, on information and belief, OWB admits the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, OWB states that it is a national bank organized under the laws of the United States with its principal place of business in Pasadena, California. OWB states that this paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, OWB denies the remaining allegations contained in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, OWB states that Paragraph 4 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, OWB admits the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, OWB states that it does business in this District. The remaining allegations contained in Paragraph 6 are not directed to OWB and, therefore, OWB neither admits nor denies the remaining allegations contained therein.

7. Answering Paragraph 7 of the Complaint, OWB denies the allegations contained in Paragraph 7.

8. Answering Paragraph 8 of the Complaint, OWB states that the balloon promissory note and the addendum to the balloon promissory note speak for themselves.

9. Answering Paragraph 9 of the Complaint, OWB states that Plaintiffs' conditional right to refinance the loan included certain conditions, one of which was that Plaintiffs must occupy the single family residence at issue. Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 9.

10. Answering Paragraph 10 of the Complaint, OWB admits that Plaintiffs made all payments required under the seven year balloon promissory note up to and including April 1, 2011, and denies the remaining allegations contained therein.

11. Answering Paragraph 11 of the Complaint, OWB states that it sent Plaintiffs documents to extend the balloon promissory loan by 23 years, but that, upon application, Plaintiffs did not meet the express conditions of the conditional right to refinance. OWB then notified Plaintiffs of their failure to meet the conditions of their conditional right to refinance; namely, they failed to occupy the property in question. Thereafter, on April 1, 2011, the seven year balloon note matured and Plaintiffs failed to satisfy the terms of the seven year balloon note. Except as expressly admitted and stated herein, OWB denies the allegations contained in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, OWB denies the allegations contained in Paragraph 12.

13. Answering Paragraph 13 of the Complaint, OWB states that, sometime after they defaulted on their seven-year balloon note, Plaintiffs submitted a loan modification application. Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 13.

14. Answering Paragraph 14 of the Complaint, OWB denies the allegations contained in Paragraph 14.

15. Answering Paragraph 15 of the Complaint, OWB denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, OWB states that the Trial Period Plan document speaks for itself. OWB admits that it received a payment from Plaintiffs in the amount

of $772.50 on September 7, 2011.  Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 16.

17.     Answering Paragraph 17 of the Complaint, OWB states that it sent Plaintiffs a refund for $2,166 in May 2013.  Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 17.

18.     Answering Paragraph 18 of the Complaint, OWB states that Plaintiffs signed a loan modification agreement on December 31, 2011.  OWB states that the loan modification agreement otherwise speaks for itself.  Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 18.

19.     Answering Paragraph 19 of the Complaint, OWB states that, by this action, Plaintiffs solely challenge OWB's credit reporting of their mortgage loan (ending in 8453) for the period of May 2011 through March 2013.

20.     Answering Paragraph 20 of the Complaint, OWB admits that Plaintiffs' loan was delinquent between June 2011 and January 2012.  Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 20.

21.     Answering Paragraph 21 of the Complaint, OWB states that it reported to the consumer reporting agencies that Plaintiffs were delinquent between June 2011 and January 2012.  Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 21.

22.     Answering Paragraph 22 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, OWB states that it sent Plaintiffs a letter on February 8, 2013. Except as expressly stated, OWB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 and, on that basis, denies the remaining allegations contained therein.

27. Answering Paragraph 27 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, OWB denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, OWB states that on one occasion when no payment was received it requested proof of payment from Plaintiffs. Except as expressly stated herein, OWB denies the allegations contained in Paragraph 29.

30. Answering Paragraph 30 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained in Paragraph 30.

31. Answering Paragraph 31 of the Complaint, OWB denies the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, OWB denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, OWB denies the allegations contained in Paragraph 33.

34. Answering Paragraph 34 of the Complaint, OWB admits that the loan was paid in full on March 8, 2013. OWB lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 34 and, on that basis, denies the remaining allegations contained therein.

35. Answering Paragraph 35 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, OWB states that, in a letter dated March 25, 2013, Mr. Wesley Klepfer of OWB informed Plaintiffs that, during the finalization process of their loan modification, which takes 45 to 60 days, their account was reported accurately as delinquent.  In addition, OWB admits that Mr. Klepfer, in the same letter, declined to reimburse Plaintiffs for faulty credit reporting and continues to deny that it engaged in any wrongful credit reporting of Plaintiffs' loan.

38. Answering Paragraph 38 of the Complaint, OWB denies the allegations contained in Paragraph 38.

39. Answering Paragraph 39 of the Complaint, denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, OWB states that Paragraph 40 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.  OWB further states that Fannie Mae Announcement 09-05R speaks for itself.

41. Answering Paragraph 41 of the Complaint, OWB states that Paragraph 41 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.  OWB further states that Fannie Mae Announcement 09-05R speaks for itself.

42. Answering Paragraph 42 of the Complaint, OWB denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, OWB denies the allegations contained therein.

Case 4:13-cv-05349-SBA   Document 54   Filed 06/25/14   Page 7 of 15

44. Answering Paragraph 44 of the Complaint, OWB denies the allegations contained therein.

45. Answering Paragraph 45 of the Complaint, OWB denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, OWB denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, OWB admits that it furnishes account information to consumer reporting agencies on a monthly basis.  Except as expressly admitted, OWB denies the allegations contained in Paragraph 47.

48. Answering Paragraph 48 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

49. Answering Paragraph 49 of the Complaint, OWB denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, OWB states that this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, OWB alleges that it satisfied its duties under applicable law and otherwise denies the allegations contained in Paragraph 50.

51. Answering Paragraph 51 of the Complaint, OWB denies the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, OWB denies the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

LA 51765988 -6-
ANSWER OF DEFENDANT ONEWEST BANK N.A.
TO FIRST AMENDED COMPLAINT
Case No. 4:13-cv-05349-SBA

54. Answering Paragraph 54 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, OWB lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, OWB denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, OWB denies that Plaintiffs' credit scores improperly were affected adversely by OWB's alleged conduct.  The remaining allegations are not directed towards OWB and, therefore, OWB neither admits nor denies the remaining allegations contained in Paragraph 57.

58. Answering Paragraph 58 of the Complaint, OWB denies the allegations contained therein.

**First Claim: Violations of the Fair Credit Reporting Act—Against Trans Union LLC**

59. Answering Paragraph 59 of the Complaint, OWB incorporates its responses to Paragraphs 1 through 58, inclusive, as if fully set forth.

60. Answering Paragraph 60 of the Complaint, OWB states that the FCRA speaks for itself.  Paragraph 61 otherwise contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

61. Answering Paragraph 61 of the Complaint, OWB states that the FCRA speaks for itself.  Paragraph 61 otherwise contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, OWB states that Paragraph 62 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

63. Answering Paragraph 63 of the Complaint, OWB states that Paragraph 63 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

64. Answering Paragraph 64 of the Complaint, OWB states that Paragraph 64 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, OWB states that Paragraph 65 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

66. Answering Paragraph 66 of the Complaint, OWB states that Paragraph 66 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

67. Answering Paragraph 67 of the Complaint, OWB states that Paragraph 67 contains no allegations directed to OWB and, therefore, OWB neither admits nor denies the allegations contained therein.

**Second Claim: Violations of the Fair Credit Reporting Act—Against OWB**

68. Answering Paragraph 68 of the Complaint, OWB incorporates its responses to Paragraphs 1 through 58, inclusive, as if fully set forth.

69. Answering Paragraph 69 of the Complaint, OWB states it is a furnisher of information to credit reporting agencies.  OWB otherwise states that the FCRA speaks for itself. Except as expressly admitted, OWB denies the other allegations contained in Paragraph 69.

70. Answering Paragraph 70 of the Complaint, OWB denies the allegations contained therein.

71. Answering Paragraph 71(a)-(h) of the Complaint, OWB denies the allegations contained therein.

72. Answering Paragraph 72 of the Complaint, OWB denies the allegations contained therein.

**Third Claim: Violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a)—Against OWB**

73. Answering Paragraph 73 of the Complaint, OWB incorporates its responses to Paragraphs 1 through 72, inclusive, as if fully set forth.

74. Answering Paragraph 74 of the Complaint, OWB states that the California Civil Code section 1785.25 (a) speaks for itself.

75. Answering Paragraph 75 of the Complaint, OWB admits the allegations contained therein.

76. Answering Paragraph 76 of the Complaint, OWB denies the allegations contained therein.

77. Answering Paragraph 77 of the Complaint, OWB denies the allegations contained therein.

78. Answering Paragraph 78 of the Complaint, OWB denies the allegations contained therein.

**Fourth Claim: Breach of Contract–---Against OWB**

79. Answering Paragraph 79 of the Complaint, OWB incorporates its responses to Paragraphs 1 through 58, inclusive, as if fully set forth.

80. Answering Paragraph 80 of the Complaint, that Plaintiffs had a written agreement in the form of a promissory note, an addendum to the note, and a deed of trust.  Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 80.

81. Answering Paragraph 81 of the Complaint, OWB states that Section 2 of the Deed of Trust speaks for itself.

82. Answering Paragraph 82 of the Complaint, OWB admits the allegations contained therein.

83. Answering Paragraph 83 of the Complaint, OWB states that this paragraph contains legal conclusions to which no response is required and that the documents in question speak for

themselves. To the extent a response is required, OWB denies the allegations contained in Paragraph 83.

84. Answering Paragraph 84 of the Complaint, OWB denies the allegations contained therein.

85. Answering Paragraph 85 of the Complaint, OWB denies the allegations contained therein.

86. Answering Paragraph 86 of the Complaint, OWB denies the allegations contained therein.

87. Answering Paragraph 87 of the Complaint, OWB denies the allegations contained therein.

88. Answering Paragraph 88 of the Complaint, OWB admits that it exchanged a series of emails with Plaintiffs. Except as expressly admitted herein, OWB denies the allegations contained in Paragraph 88.

89. Answering Paragraph 89 of the Complaint, OWB denies the allegations contained therein.

90. Answering Paragraph 1 of Plaintiffs' Prayer, OWB denies that Plaintiffs are entitled to actual, statutory, or punitive damages or any other relief whatsoever.

91. Answering Paragraph 2 of Plaintiffs' Prayer, OWB denies that Plaintiffs are entitled to injunctive relief or any other relief whatsoever.

92. Answering Paragraph 3 of Plaintiffs' Prayer, OWB denies that Plaintiffs are entitled to costs, attorneys' fees or any other relief whatsoever.

93. Answering Paragraph 4 of Plaintiffs' Prayer, OWB denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiffs, OWB asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Estoppel)

2. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, which amount to and constitute an estoppel of the claims and any relief sought thereby.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

3. The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs which amount to and constitute a waiver of any right or rights Plaintiffs may or might have in relation to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. Plaintiffs unreasonably have delayed taking action in connection with the alleged claims, causing substantial prejudice to OWB, and such claims therefore are barred pursuant to the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

5. To the extent that Plaintiffs have suffered any damage as a result of the matters alleged in the Complaint, Plaintiffs have failed to mitigate those damages and the claims therefore are barred, in whole or in part.

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6. Plaintiffs may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

7. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

(Independent, Intervening Conduct)

8. Plaintiffs are barred from recovery in that any damage sustained by Plaintiffs was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of OWB.

### NINTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

9. OWB denies any legal responsibility for Plaintiffs' alleged damages; however, to the extent that OWB is found to be legally responsible, OWB's legal responsibility is not the sole and proximate cause of Plaintiffs' alleged injuries, and any damages awarded to Plaintiffs are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said damages.

### TENTH AFFIRMATIVE DEFENSE

(Financial Institution Reform, Recovery and Enforcement Act, 12 U.S.C. § 1821)

10. All claims against OWB relating in any way to any alleged conduct of IndyMac are barred as a matter of law pursuant to the Financial Institution Reform, Recovery and Enforcement Act, 12 U.S.C. § 1821.

### ELEVENTH AFFIRMATIVE DEFENSE

(Bona Fide Error)

11. Plaintiffs' FCRA and CCRAA claims are barred, in whole or in part, because any alleged wrongful conduct on the part of OWB, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### TWELFTH AFFIRMATIVE DEFENSE

(Good Faith/Reasonable Commercial Standards)

12. With respect to the matters alleged in the Complaint, OWB at all times acted in good faith and in accordance with reasonable commercial standards, and complied fully with the FCRA, the CCRAA and other relevant laws, thus precluding any recovery by Plaintiffs against OWB.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

13. OWB expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

### PRAYER

WHEREFORE, OWB prays as follows:

1. That Plaintiffs take nothing by virtue of this action;

2. For judgment to be entered against Plaintiffs and in favor of OWB;

3. That OWB be awarded attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4. That this Court grant OWB such other relief the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 25, 2014 | STROOCK & STROOCK & LAVAN LLP |
| 3 | | JULIA B. STRICKLAND<br>BRIAN C. FRONTINO |
| 4 | | ANI AZADIAN |
| 5 | | |
| 6 | | By:   */s/ Brian C. Frontino*<br>         Brian C. Frontino |
| 7 | | Attorneys for Defendant |
| 8 | |    ONEWEST BANK, FSB |